# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DEWAYNE WHITE ADAMS, #1262137, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0321-B |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.[1]

Parties: Petitioner is presently incarcerated at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court has not issue process in this case pending preliminary screening.

---

[1] Contemporaneously with the filing of this action, Petitioner filed a second federal petition challenging a related conviction, unlawful possession of a firearm by a felon in Cause No. F03-49166. *See Adams v. Quarterman*, 3:08cv0320-P (N.D. Tex. May 5, 2008) (order and judgment accepting findings and conclusions of magistrate judge and dismissing the petition as time barred). The federal petitions were not consolidated although the trial and appellate proceedings were handled together.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of possession of a controlled substance in the 194th Judicial District Court, Dallas County, Texas, in Cause No. F03-72158-M. (Petition (Pet.) at 2). Punishment was assessed at thirty years imprisonment. (*Id.*). The Court of Appeals affirmed his conviction and sentence. *See Adams v. State*, No. 05-04-01292-CR (Tex. App. -- Dallas, 2005, pet. ref.). On November 23, 2005, the Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review. *See* No. PD-0960-05.[2]

On February 2, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* Attachment I (copy of Judicial Information confirming date of filing of state habeas application). The TCCA denied the application without written order on the findings of the trial court without a hearing on July 11, 2007. *Ex parte Adams*, No. WR-67,554-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =251982.[3]

In his federal petition, filed on February 22, 2008, Petitioner raises three grounds for habeas relief: ineffective assistance of counsel at trial, trial court error, and insufficient evidence.[4]

---

[2] The docket sheets for Petitioner's direct appeal and petition for discretionary review are available at the following internet addresses: http://www.courtstuff.com/FILES/05/04/05041292.HTM, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=236136.

[3] The federal petition alleges the state application was filed in "May 2007." (Pet. at 3). Since the February 2, 2007 filing date is more advantageous to Petitioner, the court relies on it in its analysis below.

[4] For purposes of this recommendation, the petition is deemed filed on February 19, 2008, the date Petitioner certifies signing and placing it in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[5]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.

---

[5] On April 8, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. On April 24, 2008, Petitioner filed a pleading styled as a motion for enlargement of time and objections to findings, conclusions and recommendations, in this case as well as in his companion case, 3:08cv320-P. Since a recommendation has yet to be filed in this case, the court liberally construes Petitioner's motion/objection as a response to the court's show cause order.

Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's conviction became final for purposes of the one-year period on February 21, 2006, ninety days after the TCCA refused the petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on February 22, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of February 2, 2007, the date on which Petitioner filed his art. 11.07 application, 345 days of the one-year limitations period had elapsed. The state application remained pending until its denial on July 11, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on July 12, 2007, and expired twenty days later on August 1, 2007. Therefore, the federal petition, deemed filed on February 19, 2008, is clearly untimely absent equitable tolling.[6]

---

[6] On July 25, 2007, following the denial of his art. 11.07 application, Petitioner filed a motion for reconsideration and/or for rehearing. *See Ex parte Adams*, No. WR-67,554-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =251982. The TCCA docket sheet reflects that "[n]o action was necessary." *Id.* Even if Petitioner were entitled to statutory tolling during the pendency of the motion for reconsideration*,* the long delays in this case would render irrelevant any benefit of statutory. *See Emerson v. Johnson*, 243 F.3d 931, 934-35 (5th Cir. 2001) (despite an apparent prohibition on motions for reconsideration or rehearing of habeas petitions, *see* Tex. R. App. 79.2, "[the] AEDPA's one-year statute is tolled during the period in which a Texas habeas petitioner has filed such a motion" and such tolling "lasts only as long as the Texas courts take to resolve the motion for reconsideration." ); *see also Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002).

In response to the court's order to show cause, Petitioner asserts that his federal petition is timely because it was submitted within one year of the denial of his state application. (Pet's Response at 4). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way. *See Fields,* 159 F.3d at 916.

Next Petitioner requests equitable tolling because he is actually innocent in light of newly discovered evidence. (Pet's Response at 3). To the extent Petitioner asserts his actual innocence precludes the dismissal of his § 2254 petition, his claim is meritless. The one-year limitations period contains no explicit exemption for litigants claiming actual innocence of the crimes of which they have been convicted. In this respect, the Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence are relevant to the timeliness of his

---

The mailbox rule does not apply to the filing of state writs. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("declin[ing] to extend the mailbox rule to the determination of filing dates for state habeas applications."). In any event, the federal petition would be time barred even if the Court were to rely on the date of mailing of the art. 11.07 application. (*See* Pet's Response at 2-3).

5

petition if they justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

In *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Id.* In accord with *Lawrence*, the Fifth Circuit has held that "equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir.1998)); *see also Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007), *cert. denied,* 128 S. Ct. 709 (2007).

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner unduly delayed in filing his art. 11.07 application, waiting 345 days after his conviction became final. He delayed an additional 222 days following the denial of his state application before he submitted his federal petition for filing. Petitioner provides no explanation for these delays, which appear to have been of his own making. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant

6

equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Likewise any claim that Petitioner's actual innocence should equitably toll the limitations period is meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n. 9 (5th Cir. 2002). Moreover, Petitioner has not shown that he has reliable new evidence that establishes he is actually innocent of the underlying crime. *See Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851 (1995); *see also Bousley v. United States,* 523 U.S. 614, 118 S. Ct. 1604 (1998) (addressing actual innocence claim in context of guilty plea). Neither his memorandum in support of his federal petition, nor his response to the show cause order outlines this alleged newly discovered evidence.

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [petitioner] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

In light of the unsupported, conclusory assertion of newly discovered evidence, Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *See United States v. Espinoza*, 2005 WL 2291620, *3 (N.D.

7

Tex. 2005), *report & recommendation adopted by*, 2005 WL 2546925 (N.D. Tex. 2005) (3:97cr257-G, 3:05cv944-G).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 20th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**